IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AYISHA ELLIOTT (BROWN), and
QUINTON RICHARDSON-BROWN

        Plaintiffs,                                Case. No. 6:16-cv-00022-MC

       v.                                          ORDER

CITY OF EUGENE, OFFICER TREVOR
HART, SERGEANT WILLIAM
SOLESBEE, OFFICER MATHEW
STROPKO, and OFFICER CLIFFORD
SITES,

        Defendants.
_____

MCSHANE, Judge:

      Following a jury verdict in favor of defendants, plaintiffs move for a new trial under Federal Rule of Civil Procedure 60 and Federal Rule of Evidence 606(b)(2)(A) due to alleged juror misconduct. Nearly five months after the verdict, the Court received a letter from a juror. The juror was the lone vote in favor of finding for one plaintiff on one claim.[1] That claim was one of excessive force by Sergeant William Solesbee against plaintiff Ayisha

---

[1] The verdict was 8-0 in favor of defendant as to the other claim.

1—ORDER

Elliott Brown. The letter outlined the juror's dissatisfaction with the process. Plaintiffs move for a new trial based on one sentence in the letter: "Also, on the last day of deliberations the jury foreman admitted to performing an experiment at home with his mobile phone to determine whether one witness's testimony could be true."

When extraneous information has been presented to a jury, a moving party is entitled to a new trial if there is "a reasonable possibility that the extrinsic evidence *could* have affected the verdict." *Dickson v. Sullivan*, 849 F.2d 403, 405 (9th Cir. 1988) (quoting *United States v. Vasquez*, 597 F.2d 192, 193 (9th Cir. 1979)). " Because plaintiffs have not demonstrated a reasonable probability that the alleged "experiment" here could have affected the verdict, plaintiffs' motion for a new trial is DENIED.

Based on the sentence in the letter about the foreman's "experiment at home with his mobile phone," the Court ordered the juror to testify under oath to determine "the circumstances of what transpired, the impact on the jurors, and whether or not the misconduct was prejudicial." *Bell v. Uribe*, 748 F.3d 857, 867 (9th Cir. 2014). At that hearing, the Court attempted, perhaps without success, to walk an exceedingly fine line between delving into the alleged experiment without inquiring into the nature of the deliberations. The Court hoped to conclude, one way or the other, whether the "experiment" was in fact extraneous information that could taint the verdict. *See Hard v. Burlington N. R.R. Co.*, 870 F.2d 1454, 1461 (9th Cir. 1989) ("The type of after-acquired information that potentially taints a jury verdict should be carefully distinguished from the general knowledge, opinions, feelings, and bias that every juror carries into the jury room.").

The juror testified that the foreman told the other jurors he was able to record a video with his phone even though it had a low battery. According to the juror, prior to the "experiment," the foreman and "several of [the other jurors] talked about questioning whether your phone could record on a low battery." Even assuming the foreman conducted an improper extraneous "experiment," the outcome would not have been different absent such an "experiment." I note the juror testified that even before the "experiment," several jurors "already formed a negative opinion [regarding the testimony concerning the phone recording], even though it hadn't been verified." The juror confirmed that the negative opinion was formed even before the foreman conducted the experiment.

Additionally, the juror testified that in her opinion, "the jurors had already made up their minds even before this conversation [regarding the experiment]." The jurors voted before any talk of the experiment and the testifying juror was the lone dissenting vote. In the juror's opinion, no votes changed before or after the experiment. Finally, the juror believed the other jurors had made up their minds before the foreman discussed his experiment. Given the juror's testimony, the experiment, even if the discussions transpired exactly as she testified to, did not change any votes. As the parties agreed to accept a verdict with a single dissenting vote, the experiment did not change the outcome. Before the experiment, when the jurors had made up their minds, there was one dissenting vote. After discussing the experiment, which did not alter any opinions, there remained that lone dissenting vote. Because there is not a reasonable possibility that the experiment here could have affected the verdict, plaintiffs' motion for a new trial is DENIED. *Dickson*, 849 F.2d 405.

Additionally, I find the testimony concerning the phone recording is not as critical to plaintiffs' case as argued by plaintiffs in the motion. Several witnesses testified to the events at issue, including Ayisha Elliott Brown and her brother, who testified he attempted to record the incident. The jurors heard audio of the incident. With the prevalence of cell phones, the Court has little doubt each juror arrived at the courthouse on the first day of trial with extensive personal knowledge regarding the workings of their own phones. Given that, along with the somewhat tangential aspect of the recording to the claim at issue, it is no surprise the dissenting juror herself testified that the discussion of the experiment did not change a single juror's mind about either remaining claim. It is easy, after the fact, to point to certain evidence and argue it was critical to one's case. Plaintiffs argue the jurors necessarily believed the witness lied not only about the recording, but about the actions of plaintiffs and the officers. That is a stretch. Based on my recollection of the testimony over four days of trial, Mr. Richardson's testimony about his attempt at recording the incident was not critical to plaintiffs' claims.

Additionally, even if the dissenting juror testified that jurors changed their minds following the experiment, that would not *per se* entitle plaintiffs to a new trial. The dissenting juror admitted several months had passed since the trial and that the entire experience had been traumatic. Had her testimony been different, the Court would have been bound to subpoena the other jurors to hear their testimony on the alleged experiment. If that testimony conflicted with the dissenting juror's testimony—i.e., if the Court heard evidence that this discussion was not of an "experiment" but instead on the jurors' general personal knowledge of how phones worked—the Court would have to make findings of fact. But the Court feels it has already waded too far into the actual

deliberations. Given the testimony of the dissenting juror, I assume, without deciding, that the foreman in fact performed an improper, extraneous experiment on his phone. Because it is clear that the experiment did not alter the outcome, plaintiffs' motion is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of January, 2019.

                                             /s/ Michael McShane
                                                 Michael McShane
                                          United State District Judge